IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RG STEEL WHEELING, LLC,
a Delaware limited liability
company, debtor-in-possession,

    Plaintiff,

v.                                                     Civil Action No. 5:13CV7
                                                                  (STAMP)
THE HEALTH PLAN OF THE
UPPER OHIO VALLEY INC.,
a West Virginia corporation,

    Defendant.

**MEMORANDUM OPINION AND ORDER
CONFIRMING PRONOUNCED ORDER OF THE COURT
DENYING IN PART AND GRANTING IN PART
DEFENDANT'S FIRST MOTION TO DISMISS**

I.    Background

A.    The Complaint

The plaintiff, RG Steel Wheeling, LLC, ("RG Steel" or "plaintiff") filed this civil action in this Court on January 18, 2013. The plaintiff's complaint alleges that The Health Plan of the Upper Ohio Valley, Inc. ("The Health Plan" or "defendant") had entered into a contract, the Administrative Services Agreement, with RG Steel which required The Health Plan to manage two medical benefit plans for retirees: (1) those who were eligible before August 1, 2003, Voluntary Employee Beneficiary Association beneficiaries ("VEBA beneficiaries"), and (2) those who were not eligible before that date, "non-VEBA beneficiaries." The complaint further asserts that The Health Plan mismanaged the two retirement funds resulting in the overpayment of $1,455,522.03 to the VEBA

beneficiaries' trust account, causing a loss of the same amount to RG Steel.  The plaintiff alleges that this loss occurred when RG Steel entered bankruptcy in May 2012, and the VEBA beneficiaries offset the payment that The Health Plan had negligently placed in the wrong bank account.

Based on the alleged mismanagement of the accounts, the plaintiff asserts three causes of action.  The first cause of action alleges that the defendant breached its contractual duties under the Administrative Services Agreement by failing to take appropriate steps while enrolling members in the benefit plans, failing to apply the appropriate payments to the correct bank accounts, failing to appropriately communicate with RG Steel about premiums collected for the benefit plans, and failing to adequately and timely audit the benefit plans and report those findings to the plaintiff.  The second cause of action asserts that the defendant was negligent in administering the benefit plans, failing to adequately communicate and facilitate information to the plaintiff, failing to use appropriate reports when transferring the funds to the bank account, failing to assist employees appropriately in completing forms and other paper work for the benefits plans, failing to adequately or timely audit and report to RG Steel those findings and, finally, maintaining deficient administration policies and procedures.

The final cause of action sets forth a claim for breach of a fiduciary duty that the plaintiff claims was owed it by The Health

Plan. The plaintiff claims that because the defendant agreed to collect premium payments from both groups of beneficiaries, manage the payments, and deposit them in the appropriate bank account, that the defendant assumed a fiduciary duty owed to the plaintiff. This duty, the plaintiff contends, was breached when the defendant failed to exercise due care in the administration and depositing of the premium payments that it collected for both benefit plans.

B.  Defendant's Motion to Dismiss

In response to the complaint, the defendant filed a motion to dismiss this case in its entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or for failure to join an indispensable party under Federal Rule of Civil Procedure 12(b)(7).[1]

The defendant asserts two justifications for the Rule 12(b)(6) dismissal. First, the defendant contends that the plaintiff failed to refer to a specific term of the contract that was breached and further failed to attach a copy of the contract to the complaint. Second, the defendant contends further that the plaintiff is asserting tort claims that fail under the "gist of the action" doctrine. The defendant claims that both the fiduciary duty and negligence claims arise solely from the Administrative Services

---

[1] This Court heard oral argument on the motion to dismiss on September 6, 2013. This memorandum opinion and order confirms in slightly more detail the rulings made at the conclusion of that hearing.

Agreement. Therefore, those claims actually arise from a breach of contract and not from a breach of social policy.

Lastly, the defendant asserts, under Rule 12(b)(7) that dismissal is appropriate because the plaintiff failed to join the VEBA beneficiaries as an indispensable party. The defendant contends that this Court cannot give complete relief because of the possibility that RG Steel could win in this action, receive the pay out from the defendant, but then also get a judgment in bankruptcy court that the money does not belong to RG Steel. Further, the defendant claims that the VEBA beneficiaries' ability to protect its interest would be impaired because both RG Steel and the VEBA beneficiaries are claiming the same money. Finally, the defendant contends that it may be subject to an inconsistent ruling or unnecessary payment obligation if the VEBA beneficiaries are not joined. Because the ruling in this Court may be different than that of the bankruptcy court in Delaware, the VEBA beneficiaries should be joined so that The Health Plan is not subject to having to pay twice (once to RG Steel and then possibly once to the VEBA beneficiaries).

The plaintiff responded, offering opposition to the defendant's motion. The plaintiff first asserts that the complaint did offer sufficient notice and that the standard for a breach of contract action complaint only requires that the complaint identify the contract and allege a breach of that contract. The plaintiff asserts that it has done so in its complaint. Further, the

4

plaintiff claims that the negligence and breach of fiduciary duty actions are separate tort actions, not contract actions. The plaintiff contends that the "gist of the action" doctrine is not applicable because the breach in this case was a breach of a positive legal duty and not just an omission to perform a contract obligation. The plaintiff cites legal precedent from North Carolina and West Virginia in defending its claim.

Finally, the plaintiff contends that the VEBA beneficiaries are not indispensable parties. The plaintiff asserts that this Court can grant complete relief without the VEBA beneficiaries because if RG Steel were granted relief in this case, the money would go to the RG Steel bankruptcy estate and thus be available to the beneficiaries. Also, the plaintiff contends that the VEBA beneficiaries are already protecting their claims by being in bankruptcy court. Lastly, the plaintiff asserts that The Health Plan will not be subject to inconsistent rulings because the determination in this case is not dependent on the bankruptcy proceedings.

The defendant replied, first asserting that it did not admit to mismanaging the funds placed in the VEBA beneficiaries' account. The defendant next asserts the same Rule 12(b)(6) argument that the plaintiff did not meet the requirements for specificity in a complaint insofar as its contract claim is concerned, and went further to argue that there may actually not even be an agreement between The Health Plan and RG Steel. Further, the defendant

argues that the plaintiff was incorrect in applying North Carolina precedent to its "gist of the action" review. The Health Plan asserts that under West Virginia law and the doctrine of lex loci delicti, the plaintiff has failed to overcome the "gist of the action" doctrine because no relationship would have arisen between the two parties without the contract.

Finally, the defendant reasserts that the VEBA beneficiaries are indispensable. This litigation, the defendant argues, turns on the true and correct ownership of the $1,700,000.00 involved in the litigation. Thus, there could in fact be inconsistent rulings for all three parties if this Court were to go ahead without the joinder of the VEBA beneficiaries.

The defendant thereafter filed a supplemental brief to the motion to dismiss or, in the alternative, a second motion to dismiss. This Court has ordered that this filing be treated as a second motion to dismiss and has directed the parties to submit further briefs on the issues raised in the defendant's second motion to dismiss, as well as potential issues raised by this Court during oral argument on the motion held on September 6, 2013. See ECF No. 29.

Having reviewed the parties' pleadings and the relevant law, this Court finds that the defendant's motion to dismiss

(hereinafter "first motion to dismiss") should be denied in part and granted in part.[2]

## II. Applicable Law

A. Rule 12(b)(6) Motion to Dismiss For Failure to State a Claim

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to raise the defense of "failure to state a claim upon which relief can be granted" as a motion in response to a plaintiff's complaint before filing a responsive pleading.

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances, as the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) only mandate "a short and plain statement of a claim

---

[2]Those matters raised by the supplemental motion, based upon a settlement by the VEBA beneficiaries in the Bankruptcy Court in Delaware, will be considered as a "second motion to dismiss." An order calling for additional briefing based upon a theory of set-off was entered following oral argument. ECF No. 29.

7

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Still, to survive a motion to dismiss, the complaint must demonstrate the grounds to entitlement to relief with "more than labels and conclusions . . . factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 663-666 (2009).[3]

B. Rule 12(b)(7) Motion to Dismiss For Failure to Join an Indispensable Party

Federal Rule of Civil Procedure 19 establishes a two-step inquiry to determine whether an action may continue without the joinder of additional parties. Nat'l Union Fire Ins. Co. v. Rite Aid of South Carolina, Inc., 210 F.3d 246, 249 (4th Cir. 2000). The Court first must determine whether the absent party is "necessary" to the action such that, in the party's absence, "the court cannot afford complete relief." Fed. R. Civ. P. 19(a). The Court must then determine whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). Rule 19 outlines several factors for the Court to consider in determining whether a necessary party's absence warrants dismissal, including "the extent to which a judgment rendered in the person's absence might

---

[3]While the complaint paints with an extremely "broad brush," it contains at least enough information to pass muster under Twombly and Iqbal; and whatever its deficiencies, those should be readily cured by interrogatories, requests for documents or admissions, and even depositions.

8

prejudice that person or the existing parties," the available options for mitigating any prejudice, the adequacy of a judgment in the necessary party's absence, and "whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder." Id.

"Dismissal of a case is a drastic remedy, however, which should be employed only sparingly." Nat'l Union Fire Ins., 210 F.3d at 250 (quoting Teamsters Local Union No. 171 v. Keal Driveaway Co., 173 F.3d 915, 918 (4th Cir. 1999)). "In determining whether to dismiss a complaint, a court must proceed pragmatically, 'examin[ing] the facts of the particular controversy to determine the potential for prejudice to all parties, including those not before it.'" Id. The party moving for dismissal under Rule 12(b)(7) bears the burden of showing an absent party is indispensable. Branch Banking & Trust Co. v. First Am. Title Ins. Co., No. 5:11CV473, 2012 WL 529926, at *6 (S.D. W. Va. Feb. 17, 2012).

### III. Discussion

A. Rule 12(b)(6) Motion to Dismiss For Failure to State a Claim

In order to satisfy the pleading requirements of Federal Rule of Civil Procedure 8, the plaintiff must simply present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As explained above, this does not mandate that the plaintiff prove its claim at the point of pleading, but only that it present sufficient facts to

convince the Court that its claim is "plausible." <u>Twombly</u>, 550 U.S. at 555 (2007).

1. <u>Breach of Contract</u>

The defendant first contends that the plaintiff failed to refer to a specific term of the contract that was breached and further failed to attach a copy of the contract to the complaint, thus the plaintiff's contract claim as pleaded was deficient. The defendant, however, has failed to cite any case law that supports the assertion that a copy of the contract or reference to a specific term that was breached is necessary for a complaint to fulfill the requirements of <u>Twombly</u> or <u>Iqbal</u>, or the Federal Rules of Civil Procedure.

Again, Federal Rule of Civil Procedure 8, as well as the United States Supreme Court in <u>Twombly</u> and <u>Iqbal</u>, only require a plaintiff to plead sufficient facts as to raise the possibility of liability above a speculative level. The plaintiff is not required to prove its case at the pleading stage. The complaint does name a specific agreement, the Administrative Services Agreement, and notes what breaches the plaintiff believes have occurred. The defendant has sufficient notice of the contract claim by way of the name of the contract and the allegations as to what part(s) of that contract was breached. Thus, this Court finds that the defendant has not shown that the plaintiff's complaint is so deficient as to warrant the granting of a motion to dismiss.

### 2. "Gist of the Action" Doctrine

The defendant's second contention is that the plaintiff is asserting tort claims that fail under the "gist of the action" doctrine. The defendant claims that both the fiduciary duty and negligence claims arise solely from the Administrative Services Agreement, thus, those claims actually arise from a breach of contract and not from a breach of social policy.

At oral argument, the plaintiff made clear that its breach of contract claim and its tort claims were alternatives to each other and therefore would not fall under the application of the "gist of the action" doctrine. Thus, the plaintiff asserts that it is only seeking the breach of fiduciary duty claim or the negligence claim as an alternative to the breach of contract claim. As the plaintiff is pleading its claims in this way, this Court finds that the defendant's contention under the "gist of the action" doctrine fails and thus the motion to dismiss should not be granted on this ground.

Additionally, even if the plaintiff were not asserting the tort claims as alternatives, this Court believes that it is not absolutely clear that all three claims arise solely out of the contract. An action in tort will not arise for breach of contract unless the action in tort would arise independent of the existence of the contract. Lockhart v. Airco Heating & Cooling, Inc., 567 S.E.2d 619, 624 (2002). Based on the plaintiff's complaint (notwithstanding oral argument), this Court cannot find that the

tort actions would not have an independent existence without the Administrative Services Agreement. Thus, this ground would fail on both the defendant's theory and based on the assertions raised by the plaintiff in oral argument.

Further, the plaintiff also conceded during oral argument that the breach of contract claim was the only claim in which it could claim prejudgment interest. Based on that concession, this Court finds that the plaintiff's claims in the complaint as to prejudgment interest for the fiduciary and negligence claims should be dismissed and the first motion to dismiss be granted as to that contention.

B.  Rule 12(b)(7) Motion to Dismiss For Failure to Join an Indispensable Party

In determining whether a party is "indispensable," the Court must consider the following four factors: (1) the extent to which a judgment rendered in its absence might prejudice that party or existing parties; (2) the extent to which that prejudice could be avoided or lessened through a remedy fashioned by the court; (3) whether the judgment would be adequate in the party's absence; and (4) whether the plaintiff would have an adequate remedy if the action is dismissed for non-joinder. Id. at Rule 19(b).

The Health Plan argues that the VEBA beneficiaries are both necessary and indispensable, however, the more important question for the first motion to dismiss is whether they are indispensable. The defendant contends that the four factors of Rule 19(b) are met. First, the VEBA beneficiaries would be prejudiced because they have

an interest in the same money at issue in this case.  The money that RG Steel is claiming, the defendant argues, is the same pot of money that the VEBA beneficiaries were claiming in bankruptcy court.  Second, the defendant asserts that this Court would be better able to fashion a remedy to the VEBA beneficiaries because all three parties are joined to this action whereas the bankruptcy action only contained two of the interested parties.  Third, the defendant argues that the outcome would not be adequate because if the defendant is found to owe RG Steel the money, it may then have to enter litigation with the VEBA beneficiaries that would not be necessary if the VEBA beneficiaries were joined in this action.

To reiterate, "dismissal of a case is a drastic remedy [] which should be employed only sparingly." Nat'l Union Fire Ins., 210 F.3d at 250.  This Court believes that dismissing this case based on the non-joinder of the VEBA beneficiaries is a drastic measure that should not be taken.  Based on the bankruptcy proceeding that has been brought to this Court's attention, the VEBA beneficiaries would not be prejudiced if this case were to go forward because they have already had their claim setoff against RG Steel.  ECF No. 20.  Those beneficiaries have clearly been able to secure a satisfactory remedy and a remedy fashioned by this Court would not prejudice those beneficiaries.  On the other hand, it would significantly hinder the plaintiff's ability to pursue its claim if this Court were to dismiss this case at this time, on this ground.  At this point in the proceedings, based on the information

given to this Court, the VEBA beneficiaries are not an indispensable party and therefore did not need to be joined.

This Court believes that discovery and further investigation by the parties is necessary, however, to show whether or not the VEBA beneficiaries are a necessary party.  At this time, this Court finds that the defendant has not shown that the VEBA beneficiaries are an indispensable party and will not grant the defendant's first motion to dismiss on that ground.

## IV. Conclusion

For the reasons stated above, the defendant's first motion to dismiss (ECF No. 6) is DENIED except that this motion is GRANTED as to the claim for prejudgment interest on the fiduciary duty and negligence claims.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   September 12, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE