IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


RG STEEL WHEELING, LLC,
a Delaware limited liability
company, debtor-in-possession,

      Plaintiff,

v.                             Civil Action No. 5:13CV7
                                      (STAMP)
THE HEALTH PLAN OF THE UPPER
OHIO VALLEY, INC., a West
Virginia corporation,

      Defendant/Third-Party Plaintiff,

v.


WHEELING-PITTSBURGH STEEL CORPORATION
RETIREE BENEFITS PLAN TRUSTS a/k/a VEBA,

      Third-Party Defendant.


**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
THIRD-PARTY DEFENDANT VEBA'S MOTION TO
DISMISS THE THIRD-PARTY COMPLAINT;
GRANTING VEBA'S MOTION, IN THE ALTERNATIVE,
AS TO COUNT I, FOR A MORE DEFINITE STATEMENT;
AND SCHEDULING STATUS AND SCHEDULING CONFERENCE**


I.  Procedural History

      The plaintiff, RG Steel Wheeling, LLC, ("RG Steel") filed this

civil action in this Court alleging that The Health Plan of the

Upper Ohio Valley, Inc. ("The Health Plan") had entered into a

contract, the Administrative Services Agreement, with RG Steel

which required The Health Plan to manage two medical benefit plans

for retirees: (1) those who were eligible before August 1, 2003,

tax-exempt Voluntary Employee Beneficiary Association beneficiaries

("VEBA"), and (2) those who were not eligible before that date, "non-VEBA beneficiaries." The complaint further asserts that The Health Plan mismanaged the two retirement funds resulting in the overpayment of $1,455,522.03 to VEBA's trust account, causing a loss of the same amount to RG Steel. RG Steel alleges that this loss occurred when RG Steel entered bankruptcy in May 2012, and VEBA offset the payment that The Health Plan had negligently placed in the wrong bank account.[1]

In response to the complaint, The Health Plan filed a motion to dismiss which this Court granted in part and denied in part.[2] The Health Plan thereafter filed a supplemental brief to the motion to dismiss or, in the alternative, a second motion to dismiss under Rule 12(b)(6). This Court then ordered that this filing be treated as a second motion to dismiss and directed the parties to submit further briefs on the issues raised in The Health Plan's second motion to dismiss, as well as potential set-off issues raised by this Court during oral argument on the motion held on September 6, 2013. See ECF No. 29.

---

[1]As this Court has set forth a more detailed description of RG Steel's complaint in another order, it will be omitted here. See ECF No. 31.

[2]This Court heard oral argument on the motion to dismiss. Rulings were made at the conclusion of that hearing. This Court then entered a memorandum opinion and order confirming its pronounced order denying in part and granting in part The Health Plan's motion to dismiss. A more complete background of The Health Plan's first motion to dismiss can be found at ECF No. 31, and is omitted here.

After reviewing the parties' pleadings and the relevant law, this Court denied the second motion to dismiss finding that (1) more discovery was required as there were numerous questions about the existence of an underlying contract and whether or not there was a single indivisible loss by RG Steel and (2) with the pending issues in (1), this Court could not determine whether or not a set-off should be granted. ECF No. 37.

After the second motion to dismiss was denied, The Health Plan filed a motion for leave to file a third-party complaint against VEBA. RG Steel filed a response stating that it did not oppose the motion, thus this Court granted that motion. Further, this Court vacated the scheduling order until VEBA had time to answer the third-party complaint. In its third-party complaint, The Health Plan makes seven claims: (1) breach of contract, (2) misrepresentation, (3) fraud, (4) conversion, (5) negligence, (6) unjust enrichment, and (7) breach of fiduciary duty. All of these claims arise out of The Health Plan's overarching allegation that VEBA failed to notify either RG Steel or The Health Plan of the overpayments made to the VEBA account and incorrectly retained those monies. The VEBA beneficiaries answered by filing a motion to dismiss, or in the alternative, as to Count I, for a more definite statement. The motion is now fully briefed.

## II. <u>Facts</u>

In its motion to dismiss, VEBA groups its arguments based on the way this Court should dismiss the claims made by The Health Plan. VEBA's first argument is that this Court lacks subject matter jurisdiction over The Health Plan's Counts IV through VII because they are matters over which the bankruptcy court retained jurisdiction. VEBA contends that because the bankruptcy court has expressly retained jurisdiction over the set-off agreement entered into by RG Steel and VEBA, and because those claims listed are made either derivatively or directly because of the set-off agreement, this Court lacks jurisdiction to hear those claims.

VEBA next asserts that this Court should dismiss all of The Health Plan's claims, except for breach of contract, because they are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et. seq. (2012). VEBA states that ERISA preempts any state law as it relates to an employee benefit plan and that this provision has been broadly applied. Thus, a state law claim is completely preempted if it is duplicative of a claim under ERISA. Accordingly, VEBA argues that The Health Plan's claim for conversion and negligence is preempted because The Health Plan seeks, by way of remedy, that this Court impose a constructive trust on the funds held by VEBA which is a remedy prohibited by Section 403 of ERISA. As to the other four claims, misrepresentation, fraud, negligence, and breach of

fiduciary duty, those are preempted because they are duplicative of ERISA's scheme for remedying breaches of the management of plan assets and thus can only be prosecuted as an ERISA breach of fiduciary duty claim.

Additionally, VEBA argues that The Health Plan's Counts IV through VII are claims for contribution or indemnification which are not cognizable claims under ERISA. Further, VEBA contends that The Health Plan's fraud and misrepresentation claims should be dismissed for failing to be pled with particularity. Finally, as to the breach of contract claim, VEBA asserts that it lacks the necessary factual allegations to support a viable cause of action.

In its opposing brief, The Health Plan first argues that although the bankruptcy court retained jurisdiction over matters relating to the set-off order, The Health Plan was not a party to that order and the set-off order explicitly states that it does not release claims of entities not a party to the set-off agreement. Further, The Health Plan contends that because RG Steel is seeking damages above and beyond the offset, interest, collections costs, and court costs, The Health Plan has the right to seek relief from VEBA.

The Health Plan next argues that its claims do not "relate to" an employee benefit plan and thus are not preempted. The Health Plan contends that Section 403 of ERISA only covers funds contributed by the employer and in this case, the funds at issue

were collected by The Health Plan from RG Steel's retired employees and VEBA. Further, The Health Plan argues that its claims are not preempted because its allegations do not relate to the improper processing of claims, a beneficiary's violation of rights under ERISA, or a claim for benefits. The Health Plan also asserts that each of the cases cited by VEBA in support of its arguments are those which were brought by either plan participants or plans on behalf of their participants. For the same reasons, The Health Plan argues that VEBA's argument as to The Health Plan's contribution or indemnification remedy claims are also invalid.

In response to VEBA's argument that The Health Plan insufficiently pled Counts IV through VII, The Health Plan asserts that it has alleged sufficient facts to support its claims. As to the breach of contract claim, The Health Plan asserts that it has sufficiently pled that claim by alleging that: (1) it entered into a contract with VEBA in 2004, (2) VEBA paid The Health Plan for administration of the monies, (3) VEBA breached its agreement with The Health Plan by withholding alleged overpayments and failing to notify The Health Plan, and (4) allegations (1)-(3) resulted in The Health Plan sustaining monetary losses. Finally, The Health Plan, at the end of its response, requests leave to amend its third-party complaint should the Court dismiss its claims.

In its reply, VEBA first argues that it is clear that The Health Plan's claims derive from RG Steel's claims regarding the

overpayment by The Health Plan and are not independent claims of The Health Plan. Further, VEBA contends that the claims are related because The Health Plan seeks turnover of the overpayment to RG Steel, which was already established by the set-off agreement. VEBA contends that The Health Plan has not provided any authority for the proposition that a claim resolved by a bankruptcy court can be maintained derivatively by another party in another court and further has not attempted to distinguish the cases cited by VEBA. Finally, as to this argument, VEBA contends that because RG Steel has released all of its claims against VEBA in the set-off agreement and RG Steel's rights and/or liabilities were affected by the set-off agreement, The Health Plan's claims would threaten the finality of the settlement agreement.

Further, VEBA argues that Section 403 prohibits inurement of any "assets of a plan," not just an employer's contributions. Thus, employee contributions are also covered. Additionally, the claims made by The Health Plan go to the proper management and record keeping of VEBA plan assets and thus are fiduciary functions under ERISA. VEBA asserts that the purpose of ERISA is to protect participants, beneficiaries, and plans; thus, if The Health Plan is awarded contribution from VEBA for its liability to RG Steel, that award will reduce the VEBA plan's assets and impair the ability to pay future benefits. Accordingly, VEBA argues that the relief sought by The Health Plan is preempted by ERISA.

As to The Health Plan's Counts IV through VII, VEBA again raises its argument that The Health Plan has not sufficiently pled those claims. Finally, VEBA argues that The Health Plan's request to amend its complaint if this Court were to dismiss its claims is inadequate under Federal Rule of Civil Procedure 15 and Local Rule of Civil Procedure 15.01. VEBA contends that because The Health Plan has not filed a separate motion and also does not identify any additional claims that are valid that could be asserted if it were allowed to amend its complaint, The Health Plan's request must be denied.

Having reviewed the parties' pleadings and the relevant law, this Court finds that the third-party defendant VEBA's motion to dismiss should be granted as to Counts II through VII and denied as to Count I. However, VEBA's alternative request, for a more definite statement as to Count I, is granted. Further, The Health Plan's request to amend its complaint, not made in a separate motion, is denied.

### III. <u>Discussion</u>

VEBA has filed a motion to dismiss, or in the alternative for a more definite statement as to Count I, which asserts several arguments. This Court will first discuss VEBA's motion to dismiss, then VEBA's motion for a more definite statement, and, lastly, The Health Plan's motion for leave to amend its third-party complaint against VEBA.

A.   Motion to Dismiss

As stated previously, VEBA has broken down its motion to dismiss based on how it believes this Court should dismiss the separate claims asserted by The Health Plan.  This Court will first address VEBA's jurisdictional argument, followed by its ERISA preemption arguments, and, then, its alternative argument as to The Health Plan's breach of contract claim.

1.   Applicable Law

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to raise the defense of "failure to state a claim upon which relief can be granted" as a motion in response to a plaintiff's complaint before filing a responsive pleading.

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept the factual allegations contained in the complaint as true.  Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'"  Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances, as

the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) only mandate "a short and plain statement of a claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Still, to survive a motion to dismiss, the complaint must demonstrate the grounds to entitlement to relief with "more than labels and conclusions . . . factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 663-666 (2009).

   2.  Bankruptcy Court and Subject Matter Jurisdiction

VEBA contends that this Court lacks subject matter jurisdiction to hear The Health Plan's claims in Counts IV through VII because the United States Bankruptcy Court for the District of Delaware has retained jurisdiction with respect to any matters that may arise regarding the set-off agreement between VEBA and RG Steel.[3] VEBA argues that the claims raised by The Health Plan are derivative of RG Steel's claims and that the bankruptcy court thus retains exclusive jurisdiction over those claims. The Health Plan asserts that the bankruptcy court does not have jurisdiction over its claims because it was not a party to the set-off agreement and the damages it has alleged go above the offset RG Steel received from VEBA. The Health Plan contends that its claims affect only

---

[3]The set-off agreement was entered in In re WP Steel Venture, LLC, No. 12-11661 (Bankr. Del.).

VEBA and The Health Plan, not RG Steel, and thus the claims asserted in the third-party complaint do not relate to the bankruptcy court proceedings.

In relevant part, 28 U.S.C. § 1334(b) provides: "[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11." Thus, a district court only has jurisdiction under § 1334(b) if the proceeding (1) arises under Title 11; (2) is a proceeding arising in a case under Title 11; or (3) is a proceeding related to a case under Title 11. Wise v. Travelers Indem. Co., 192 F. Supp. 2d 506, 513 (N.D. W. Va. 2002). "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 1002 (4th Cir. 1986) (citation omitted). However, "related to" jurisdiction is not limitless. Celotex Corp. v. Edwards, 514 U.S. 300, 308 (1995). Accordingly, "'the mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of section [1334(b)].'" Wise, 192 F. Supp. 2d at 513.

This Court finds, at least as to Counts IV through VII, that the claims by The Health Plan are related to the administration of

the bankruptcy estate of RG Steel as those claims fall within the terms of the set-off agreement. In Count IV, conversion, The Health Plan states that "the conversion by VEBA proximately caused Plaintiff's alleged damages, VEBA has breached a duty owed to RG Steel and is liable to RG Steel for all its alleged losses . . . ." ECF No. 57 ¶ 35. The Health Plan further references RG Steel's loss in other paragraphs under Count IV. Id. at ¶ 31, 32, and 34. In Count V, negligence, The Health Plan alleges that VEBA acted negligently in failing to notify not only The Health Plan but also in failing to notify RG Steel. Id. at ¶ 40, 44. Count VI, unjust enrichment, further requests that this Court direct VEBA to satisfy RG Steel of all alleged losses and requests that this Court imposes a constructive trust for any losses RG Steel has not been compensated for by virtue of the bankruptcy set-off agreement. Id. at ¶ 50-51. Lastly, Count VII, breach of fiduciary duty, alleges that VEBA owed a duty to RG Steel to manage the trust account; that VEBA breached that fiduciary duty to RG Steel; and that VEBA's actions caused the alleged losses by RG Steel. Id. at ¶ 53-56.

The claims set forth above are those which derive from the relationship not only between The Health Plan and VEBA, but also RG Steel, The Health Plan, and VEBA collectively. Specifically, the claims arise from RG Steel's claim that it is entitled to damages in this action because it was not fully compensated by the set-off agreement in the bankruptcy court for the alleged acts committed by

The Health Plan.  Without this claim, The Health Plan would not have a basis for its indemnification claims against VEBA.  As this Court has now found that those claims raised in Counts IV through VII are related to the set-off agreement, this Court will now determine whether the bankruptcy court retained jurisdiction over the claims put forward in Counts IV through VII.

The set-off agreement which forms the basis of the contention over jurisdiction of these claims, states the following: "[The bankruptcy court] shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of the Stipulation and this Order."  ECF No. 73-1 at 2 ¶ 6.  However, the set-off agreement further states that "[f]or the avoidance of doubt, nothing in this Stipulation releases any claim of any Party against any person or entity (including, but not limited to, a service provider) that is not a Party hereto."  Id. at 6-7 ¶ 5.  This is followed by another jurisdictional statement: "The Bankruptcy Court shall retain jurisdiction (and the Parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provision of this Stipulation."  Id. at 7 ¶ 11.

The Health Plan contends that the bankruptcy court did not retain jurisdiction over its claims against VEBA because the set-off agreement released any claim of an entity who was a not a party

to the agreement. On the other hand, VEBA asserts that the bankruptcy court retained jurisdiction over any dispute that may involve the set-off agreement and that the set-off agreement's release should not be interpreted as defeating jurisdiction but rather releasing a party from the specific agreement reached by VEBA and RG Steel.

The Delaware bankruptcy court was the court of first instance in regards to the set-off agreement. The bankruptcy court had exclusive jurisdiction over "core proceedings" involving the RG Steel bankruptcy estate which included the set-off agreement. Valley Historic Ltd. P'ship v. Bank of New York, 486 F.3d 831, 839 (4th Cir. 2007). "Core proceedings include, but are not limited to: '(A) matters concerning the administration of the estate; . . . (E) orders to turn over the property of the estate; . . . (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor . . . relationship, except personal injury tort or wrongful death claims.'" In re Apex Exp. Corp., 190 F.3d 624, 630 (4th Cir. 1999) (citing 28 U.S.C. § 157(b)(2)(1993)). As these core proceedings are within the exclusive jurisdiction of the bankruptcy court, "a bankruptcy court's original core jurisdiction 'continues' in order for it to enforce its order . . . ." In re Birting Fisheries, Inc., 300 B.R. 489, 499 (2003) (citation omitted); see also Celotex Corp. v. Edwards, 514 U.S. 300, 313 (1995) ("'It is for the court of first

14

instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected.'") (citation omitted).

Given the above, this Court finds that the bankruptcy court maintained jurisdiction over the set-off agreement. The claims raised by The Health Plan would require this Court to review a "dispute[] arising from or related to, or other actions to interpret, administer or enforce the terms and provision of [the set-off agreement." This Court would be required to investigate how the actions of VEBA affected RG Steel and The Health Plan and then apply those findings to fashion a remedy which would likely include the disbursement of funds that have already been applied by the bankruptcy court through the set-off. Thus, this Court would be required to determine whether the set-off was correctly applied to the bankruptcy estate and would therefore disregard the bankruptcy court's approval of the set-off between RG Steel and VEBA.

Further, The Health Plan's interpretation of the release statement in the set-off agreement is incorrect. The interpretation of the release statement forwarded by The Health Plan would nullify the jurisdictional statements within the same agreement. However, if both are read together, the statements appear to allow an entity not a party to the agreement to (1) bring

a claim with the bankruptcy court so as to challenge the agreement or attempt to attain a judgment regarding that agreement while (2) allowing that same entity to not be required to abide by the terms of the agreement as they bind RG Steel and VEBA. To find otherwise would be to undo the set-off agreement over which the bankruptcy court clearly meant to maintain jurisdiction by inserting not only one statement but two statements of jurisdiction.

Accordingly, based on the above, this Court finds that The Health Plan's claims in Counts IV through VII should be dismissed as they are "related to" the set-off agreement and the bankruptcy court retained jurisdiction over the set-off agreement.

3. ERISA Preemption

VEBA has made a three-part ERISA preemption argument. This Court will only consider VEBA's arguments as to Counts II and III as Counts IV through VII have been found by this Court to be under the jurisdiction of the Delaware bankruptcy court. VEBA asserts that those claims are preempted because they are duplicative claims of ERISA claims.

ERISA preempts all state law claims that "relate to any employee benefit plan." 29 U.S.C. § 1144(a). A state law relates to a benefit plan "even if the law is not specifically designed to affect such plans, or the effect is only indirect." Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139 (1990) (citation omitted). The Department of Labor issued a regulation exempting certain benefit

plans from ERISA. <u>Custer v. Pan Am. Life Ins. Co.</u>, 12 F.3d 410, 417 (4th Cir. 1993). This "safe harbor" exception exempts from ERISA "those arrangements in which employer involvement is completely absent." <u>Vazquez v. The Paul Revere Life Ins. Co.</u>, 289 F. Supp. 2d 727, 731 (E.D. Va. 2001); 29 C.F.R. § 2510.3-1(j). VEBA, as a party seeking to use ERISA preemption as an affirmative defense to The Health Plan's state law claims, has the burden to prove the facts necessary to establish ERISA preemption. <u>Great-West Life & Annuity Ins. Co. v. Information Systems & Networks Corp.</u>, 523 F.3d 266, 270 (4th Cir. 2008).

The plaintiff's putative state causes of action are preempted by ERISA. Section 514(a) of ERISA provides that, with narrow exceptions not applicable to this action, "the provisions of this title . . . shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Claims that fall within the field defined by § 514(a) may be prosecuted as a federal action if they fall within the scope of § 502(a), which "authorizes participants or beneficiaries to file civil actions to, among other things, recover benefits, enforce rights conferred by an ERISA plan, remedy breaches of fiduciary duty, clarify rights to benefits, and enjoin violations of ERISA." <u>Marks v. Watters</u>, 322 F.3d 316, 323 (4th Cir. 2003) (citing 29 U.S.C. § 1132(a)). Thus, where a putative state law claim relates to an employee benefit plan and falls

within the scope of § 502(a), such claim is preempted and becomes an exclusively federal cause of action. Id. In other words, such claims are subject to "complete preemption" and may be prosecuted only under the statutory provisions of ERISA. Id. However, where a putative state law claim relates to an employee benefit plan but does not fall within the scope of § 502(a), the prosecution of such claim is precluded by § 514(a). Id. That is, such claims are subject to "simple preemption" and must be dismissed. Id.

This Court has previously held that claims "which [are] allege[d] in connection with the administration of an ERISA retirement plan are completely preempted by ERISA because [those types of] putative state law claims are related to an employee benefit plan for purposes of § 514(a) of the statute and fall within the scope of ERISA § 502(a)." Marks Const. Co., Inc. v. Huntington Nat'l Bank, 614 F. Supp. 2d 700, 706 (N.D. W. Va. 2009). Further, in Marks, this Court held that "[a]lthough not pled as ERISA causes of action, these allegations directly relate to an ERISA plan and assert breaches of ERISA's core fiduciary standards of loyalty and care, in violation of §§ 502(a)(2) and (3)." Id. (citing ERISA §§ 409, 502(a)(2)-(3), 29 U.S.C. §§ 1009, 1132(a)(2)-(3)). Based on that reasoning, this Court found that the underlying claims in Marks were completely preempted by ERISA and the plaintiff was required to plead those claims as federal causes of action. Id.

Based on the analysis above, The Health Plan's claims for fraud and misrepresentation are claims which are completely preempted by ERISA and must be converted to federal causes of action pursuant to ERISA.  In this action, The Health Plan's fraud and misrepresentation claims are related to the collection and monitoring of the VEBA beneficiary trust account by VEBA.[4]  The Health Plan references VEBA's alleged acts of failure to notify of payments to the benefit plan and failure to review monthly reports furnished to the benefit plan.  These functions go to the administration of the employee benefit plan.

As such, The Health Plan's misrepresentation and fraud claims must be pleaded pursuant to ERISA as federal causes of action pursuant to Section 404 of ERISA.

---

[4]The following provides examples:

- Count II – Misrepresentation: "VEBA negligently and/or intentionally represented or misrepresented the amounts placed into its account by failing to notify the Health Plan of the overpayments . . . [and/or] by failing to return the overpayment amounts to the Health Plan . . . ."

- Count III – Fraud: "VEBA knew it was receiving overpayment amounts, apparently on a monthly basis, over an eight (8) year period because it had all its account information . . . [and was] receiving monthly reports from the Health Plan which upon review by the Trust caused the Trust to know that it was receiving overpayments."

ECF No. 57 at 5.

VEBA argues that these claims relate to an ERISA plan for purposes of § 514(a) but do not fall within the scope of § 502(a) and are therefore not actionable. The Health Plan's fraud and misrepresentation claims relate to allegedly false representations made by VEBA concerning the administration of the employee benefit plan (concealing the overpayment made by The Health Plan). Thus, the state law fraud and misrepresentation claims arise out of the same underlying facts as a breach of fiduciary duty claim, which is a claim recognized by ERISA and thus those claims are duplicative, and because there is no statutory counterpart under § 502(a) for a fraud or misrepresentation claim, they must be dismissed. <u>Marks</u>, 614 F. Supp. 2d at 707; <u>see</u> <u>District 65 Retirement Trust v. Prudential Securities, Inc.</u>, 925 F. Supp. 1551, 1562 (N.D. Ga. 1996). Accordingly, Counts II and III must be dismissed.

B.    <u>Breach of Contract Claim and Motion for a More Definite Statement</u>

VEBA contends that The Health Plan's breach of contract claim fails to allege sufficient facts to show an enforceable oral contract existed because The Health Plan neither identified a natural person who accepted an offer from The Health Plan nor did The Health Plan state what terms of the contract were breached. VEBA further requests, in the alternative, that if this Court does not dismiss the breach of contract claim that this Court direct The Health Plan to file a more definite statement. The Health Plan

contends that it has alleged the elements necessary for a contract claim in its third-party complaint.

1.  Motion to Dismiss

In order to satisfy the pleading requirements of Federal Rule of Civil Procedure 8, the plaintiff must simply present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As explained above, this does not mandate that the plaintiff prove its claim at the point of pleading, but only that it present sufficient facts to convince the Court that its claim is "plausible." Twombly, 550 U.S. at 555.

The breach of contract claim asserted by The Health Plan is similar to that made by RG Steel in its complaint. Such a claim was upheld by this Court because RG Steel had provided "sufficient notice of the contract claim by way of the name of the contract and the allegations as to what part(s) of that contract was breached." ECF No. 31. Here, The Health Plan has designated the contract as an oral contract entered into in 2004 which VEBA acknowledged in its reply to the motion to dismiss. Further, The Health Plan has provided allegations as to The Health Plan's performance of the contract, how VEBA has breached the contract, and that The Health Plan was damaged by that breach. Thus, this Court finds that VEBA has not shown that The Health Plan's breach of contract claim did

not provide sufficient notice to VEBA or is so deficient as to warrant dismissal.

2. <u>Motion for a More Definite Statement</u>

On the other hand, VEBA has shown that a motion for a more definite statement should be granted. Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, a motion for a more definite statement must also be filed before the defendant files a responsive pleading. Through such a motion, a party may request that the Court direct the plaintiff to re-file his complaint, more clearly pleading and defining his claims. Such a motion should only be granted when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A Rule 12(e) motion has a higher standard than that of a Rule 12(b)(6) motion in that a pleading which satisfies the liberal pleading standards above described may be nonetheless appropriately challenged as overly vague with a Rule 12(e) motion. <u>See</u> 5B Wright & Miller <u>Federal Practice and Procedure</u> § 1356.

However, the standard set forth by the wording of Rule 12(e) was not intended to require the plaintiff to state with any high level of specificity the facts upon which the claims rely. <u>Hodgson v. Virginia Baptist Hosp.</u>, 482 F.2d 821, 823 (4th Cir. 1973). In fact, the drafters of the rules only intended to ensure that sufficient facts would be pled which allowed the defendant to reasonably form a response. <u>Id.</u> Thus, the rules specifically

22

restrict the motion for a more definite statement to pleadings which are so highly vague and ambiguous that the opposing party simply cannot be expected to form a meaningful response.

The breach of contract claim is vague. The specific terms of the contract are not ascertainable from the third-party complaint and other specifics regarding the oral contract are not provided. As such, the Court directs The Health Plan to file a more definite statement as to Count I, breach of contract. Specifically, The Health Plan should set forth:

1.    The date (not just the year) on which the alleged oral contract was entered into;

2.    The identities of the VEBA and The Health Plan agents who made the offer and acceptance of the contract;

3.    The terms of the oral contract; and

4.    The specific provision of the oral contract that VEBA allegedly breached.

C.    Motion to Amend

Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Further, Rule

15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as . . . futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

However, the Fourth Circuit has held that where a party has not filed a motion for leave to amend nor provided the district court with a proposed amended complaint, and instead embeds the request in its response to a motion to dismiss, the request does not qualify as a motion for leave to amend. Cozzarelli v. Inspire Pharm. Inc., 549 F.3d 618, 630-31 (4th Cir. 2008) (citing Fed. R. Civ. P. 7(b), 15(a); United States ex rel. Williams v. Martin-Baker Aircraft Co., 389 F.3d 1251, 1259 (D.C. Cir. 2004)).  The Health Plan has done what the Fourth Circuit described in Cozzarelli.  The Health Plan has not filed a separate motion for leave to amend, has not provided this Court with a proposed amended complaint, and has only stated that such an amendment would not be futile without further support for its motion.  ECF No. 78 at 18.  Thus, this Court is unaware of what support The Health Plan has for the granting of such a motion.  As such, this Court denies The Health Plan's request for leave to amend as it has not been properly made and further lacks support for why such an amendment would not be futile.

## IV.  Conclusion

For the reasons stated above, the third-party defendant VEBA's motion to dismiss the third-party complaint is GRANTED IN PART as to Counts II through VII and DENIED IN PART as to Count I.  As such, the third-party complaint is dismissed except for Count I. Further, VEBA's motion, in the alternative, for a more definite statement as to Count I is GRANTED.  Accordingly, The Health Plan is DIRECTED to file a more definite statement as to Count I in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules by **August 19, 2014**.

Finally, this Court had previously vacated the scheduling order in this action pending an appearance by the third-party defendant, VEBA.  ECF No. 56.  This Court has not yet entered a new scheduling order as VEBA's motion to dismiss was pending.  As that motion has now been decided, this Court feels it would be beneficial to hold a status and scheduling conference. Accordingly, it is ORDERED that the parties appear by counsel on **August 18, 2014 at 3:15 p.m.** in the chambers of Judge Frederick P. Stamp, Jr., Federal Building, 1125 Chapline Street, Wheeling, West Virginia 26003.

The Court will permit those out-of-town attorneys having their offices further than forty (40) miles from the point of holding court to participate in the conference by telephone.  However, any such attorney shall advise the Court as soon as possible prior to

the conference of his or her intention to participate by telephone and shall (1) inform all counsel of his or her appearance by telephone; (2) confer with other out-of-town attorneys to determine if they wish to appear by telephone; (3) advise the Court of the name of the attorney who will initiate the conference call and all such attorneys appearing by telephone; and (4) initiate a timely conference telephone call with such attorneys to the Court at 304/233-1120 at the time of the scheduled conference. If the attorneys cannot reach agreement as to the initiator of the call, the Court will make that determination.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    August 5, 2014


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE